UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAWN ARCHIE,<br><br>        Plaintiff,<br><br>    v.<br><br>RICHARD T. SMITH, et al.,<br><br>        Defendants. | No. 20-cv-7487 (NLH) (KMW)<br><br><br>OPINION |

APPEARANCE:

Shawn Archie
87535
Cumberland County Jail
54 W Broad St.
Bridgeton, NJ 08302

    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Shawn Archie, a pretrial detainee confined at the Cumberland County Jail, seeks to bring a complaint pursuant to 42 U.S.C. § 1983 against Warden Richard T. Smith, Deputy County Administrator Judy Hirata, and the Keefe Corporation.  See ECF No. 1.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

1

For the reasons set forth below, the Court will dismiss the complaint with prejudice.

I.  BACKGROUND

Plaintiff alleges the Keefe Corporation raised their prices "which was already to [sic] high" at its commissary at the Cumberland County Jail.  ECF No. 1 at 7.  Plaintiff asserts they are price gouging during the COVID-19 pandemic.  Id. at 7-8.  Plaintiff complained to the commissary, and an employee identified only as Samantha responded that Plaintiff did not need to purchase anything from them if he did not like the prices.  Id. at 8.

Plaintiff complained again:

> My revised complaint was concerning a specific item.  That was being sold on Commissary.  Which was the blue bag Special Blend Keefe Coffee.  . . . Do [sic] to the fact of the strange side effects.  That you receive when drinking it.  The product seemed to be highly addictive.  With side effects such as wanting more and more of it.  The product causes serious mood swings.  Especially when a person does not have any.  Headaches as well.

Id.  He alleges that a nurse told him to stop drinking the coffee.  Id.

Plaintiff seeks damages for the overcharging by the commissary and for "being used as Keefe's personal lab rat.  By selling me their experimental coffee."  Id. at 9.

II.   STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis and is incarcerated.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

Plaintiff argues Keefe Commissary is engaging in price gouging during the COVID-19 pandemic. Aside from offering no facts to support this claim, i.e. by providing the Court with examples of prices on specific necessary items that have increased during the pandemic, "[p]risoners have no federal constitutional right to purchase items from the jail commissary at any particular price, or to restrain the vendor from charging exorbitant prices." McKnight v. Taylor, No. 12-1684, 2012 WL 5880331, at *6 (D.N.J. Nov. 20, 2012); see also Myrie v. Comm'r, N.J. Dep't of Corr., 267 F.3d 251 (3d Cir. 2001) (rejecting inmates' constitutional claims challenging a ten percent surcharge on purchases from jail commissaries in New Jersey); Tokar v. Armontrout, 97 F.3d 1078, 1083 (8th Cir. 1996) ("[W]e note that we know of no constitutional right of access to a prison gift or snack shop."); French v. Butterworth, 614 F.2d 23, 25 (1st Cir. 1980) ("We also reject French's contention that he and fellow inmates have a constitutionally protected interest in buying food as cheaply as possible.").

The State of New Jersey does have a law against price gouging during a declared state of emergency, see N.J.S.A. § 56:8-109, but the complaint would still fail to state a federal claim even if Plaintiff had been able to allege specific examples of price gouging. See Tenny v. Blagojevich, 659 F.3d

4

578 (7th Cir. 2011) (affirming dismissal of § 1983 claim alleging that prison officials marked up the price of commissary goods beyond state statutory cap).  If Plaintiff has a remedy, it does not lie in federal court.

Plaintiff's assertion that he is being used as a "lab rat" for Keefe's "experimental coffee" is frivolous.  "A claim is frivolous if it lacks an arguable basis in fact or in law.  If a claim is fanciful or describes 'fantastic or delusional scenarios,' then it is factually baseless."  Perkins v. New Jersey Dep't of Labor, Div. of Workers Comp., 154 F.R.D. 132, 133-34 (E.D. Pa. 1994) (quoting Rice v. Martelli, No. 94-984, 1994 WL 57218, at *1 (E.D. Pa. Feb. 22, 1994)).  Plaintiff describes symptoms of caffeine withdrawal when he is not able to purchase the coffee; there are no facts alleged to suggest there is anything nefarious in the coffee.

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act] should receive leave to amend unless amendment would be inequitable or futile."  Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."  Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).  As Plaintiff cannot allege facts that would state a federal claim, the Court

denies leave to amend as futile and dismisses the complaint with prejudice.

IV. CONCLUSION

For the reasons stated above, the complaint will be dismissed with prejudice.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

An appropriate order follows.


Dated: September 28, 2020          ____s/ Noel L. Hillman___
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.